## MERCHANTS NATIONAL BANK, Respondent, v. GEORGE W. WITMER et al., Appellants.

### Kansas City Court of Appeals, June 2, 1913.

NEGOTIABLE INSTRUMENTS: Judgment: Merger: Interest: Future Actions. Where an indorsee and owner of a negotiable promissory note brings an action thereon against the maker, it becomes merged in the judgment and though all the interest due on the note is knowingly not claimed, no separate and independent action can be thereafter maintained on such note for the interest.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

Affirmed.

*Metcalf, Brady & Sherman* for appellants.

*Austin & Davis* for respondent.

ELLLISON, J.—This action is on a negotiable promissory note and is brought by plaintiff bank as indorsee for value without notice. The trial court gave a peremptory instruction to find for plaintiff.

On the 31st of December, 1909, defendants executed to The American Case & Register Company their negotiable promissory note for $1790.10, due in ninety

days, viz., the 31st of March, 1910, with six per cent interest from date. Before maturity, on the 13th of January, 1910, plaintiff bought the note of the Register Company. When this note became due, on the 31st of March, 1910, defendants presumably not knowing of the sale and transfer to plaintiff, executed a renewal note to the company for the same amount due in ninety days, with six per cent interest until paid. The company immediately duly indorsed this to the plaintiff, taking up the original.

It is difficult to understand the points made in defense, when considered with the facts conceded and the law of negotiable paper. It seems that defendants fear some one will lose a part of the interest on the note, or that they will be sued at some other time by the Register Company for a part of the interest. The plaintiff was paid the interest to maturity on the renewal note—the note in suit—when it was renewed, and while the petition asks judgment for the principal and interest from date, in point of fact interest was only claimed from maturity, and judgment only taken for interest from that time. Now as to what becomes of the interest from date up to maturity certainly ought not to concern defendants. Certainly no action can ever be maintained against them again for the note or interest. That has been closed out by the present judgment and is *res adjudicata.*

Defendants say that if they owe the note at all, they owe this unclaimed interest to some one and though plaintiff does not claim it, some one in the future might do so and thus they would be subjected to two actions instead of one. But when the holder and owner of the note brings an action against the maker and obtains judgment thereon, the note and all interest becomes merged in the judgment, and the maker cannot be again sued for some part of the interest that the owner did not claim.

Defendants question the *bona fides* of the sale of the note to plaintiff bank and contend it was merely for the convenience of the Register Company. We have gone over the evidence and offers of proof on this head and find nothing that could be accepted as having the slightest tendency to show that plaintiff was not an innocent purchaser for value before due and in the usual course. The trial court could do nothing less than give a peremptory instruction. The judgment was manifestly for the right party and is affirmed. All concur.